IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) CANDICE D. PIERSON,<br><br>        Plaintiffs,<br><br>v.<br><br>(1) INTEGRIS HEALTH, INC.;<br>(2) INTEGRIS BAPTIST MEDICAL CENTER, INC.;<br>(3) LARRY W. HOUK, JR., M.D.;<br>(4) JOHN DOES 1 through 5, Unknown Defendants,<br><br>        Defendants. | Case No. CIV-18-332-M<br>Judge: |

## COMPLAINT

COMES NOW, Candice D. Pierson, and for her causes of action against Defendants INTEGRIS Health, Inc., INTEGRIS Baptist Medical Center, Inc., Larry W. Houk, Jr., M.D., and John Does 1 through 5, Unknown Defendants, allege and state as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Candice D. Pierson is an individual residing in Harris County, Texas.

2. Defendant INTEGRIS Health, Inc. is an Oklahoma corporation doing business in Oklahoma, operating a hospital in Oklahoma City, Oklahoma and at all times pertinent hereto, was a medical facility licensed by the Oklahoma State Department of Health and represented to Plaintiffs and to the public at large that it was a competently staffed medical facility and would provide appropriate health care and treatment to Candice D. Pierson, and

1

to the public at large by and through its members, associates, employees, representatives, agents, and/or ostensible agents. Defendant INTEGRIS Health, Inc. held itself out as competent to provide various medical and hospital services including those hereinafter described, and expressly or impliedly warrants that persons to whom it has granted privileges and/or allows to perform surgical procedures are fully competent, qualified, and trained to provide the services they offer.

3. Defendant INTEGRIS Baptist Medical Center, Inc. is an Oklahoma corporation doing business in Oklahoma and at all times pertinent hereto, was a medical facility licensed by the Oklahoma State Department of Health and represented to Plaintiffs and to the public at large that it was a competently staffed medical facility and would provide appropriate health care and treatment to Candice D. Pierson, and to the public at large by and through its members, associates, employees, representatives, agents, and/or ostensible agents. Defendant INTEGRIS Baptist Medical Center, Inc. held itself out as competent to provide various medical and hospital services including those hereinafter described, and expressly or impliedly warrants that persons to whom it has granted privileges and/or allows to perform medical procedures are fully competent, qualified, and trained to provide the services they offer.

4. At all times material hereto, Defendant Larry W. Houk, Jr., M.D., was a physician practicing medicine in the State of Oklahoma who represented to Plaintiff and the public at large that he was a duly licensed, competent medical doctor. At all times pertinent hereto, Defendant Larry W. Houk, Jr., M.D., was under a duty to act with ordinary and

2

reasonable care and to use an accepted level of professional expertise in his practice as a physician in Oklahoma County, Oklahoma, or similar medical community, regarding the treatment of Candice D. Pierson.

5. The Court has jurisdiction by diversity. Complete diversity of citizen exists within the purview of 28 U.S.C. § 1332. At all times relevant to this cause of action, the Defendants have had the requisite minimum contacts with the state of Oklahoma, and the amount in controversy in this action exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and cost.

6. To the best of Plaintiff's knowledge and belief, at the time of the injuries giving rise to this lawsuit, Defendant Larry W. Houk, Jr., M.D. was the agent, servant, employee, shareholder, and/or borrowed servant of Defendants INTEGRIS Health, Inc. and INTEGRIS Baptist Medical Center, Inc., rendering Defendants INTEGRIS Health, Inc. and INTEGRIS Baptist Medical Center, Inc. vicariously liable to Plaintiff for her damages.

7. Defendant John Does 1 through 5 are entities and/or persons, either, providing care and services to Candice D. Pierson, or are directly or vicariously liable for the injuries of Candice D. Pierson. Plaintiff is currently unable to identify these Unknown Defendants, despite diligent efforts, but may discover such identities upon further investigation. Said Unknown Defendants are named insofar as their acts and/or omissions were negligent, tortious, or otherwise wrongful with respect to the care, treatment, and services to Candice D. Pierson.

8. Commencing on or about August 31, 2015, and continuing thereafter until

on or about April 28, 2016, Defendants, by and through their agents and/or employees, negligently rendered nursing and medical treatment below acceptable standards of care to Plaintiff, Candice D. Pierson.

9. During Plaintiff's prenatal care, labor and delivery, and postpartum care, Defendants failed to appropriately recognize, assess, evaluate, diagnose Plaintiff's severe preeclampsia and cardiomyopathy, which caused Plaintiff to suffer from acute systolic heart failure, systemic hypertension, and pulmonary hypertension, requiring additional hospitalization during a time that was crucial for mother/infant bonding.

10. At the time of the injuries giving rise to this lawsuit, Defendant Larry W. Houk, Jr., M.D., was privileged, credentialed and otherwise entrusted to care and treat the patients of Defendants INTEGRIS Health, Inc. and INTEGRIS Baptist Medical Center, Inc.

11. At the time of the injuries giving rise to this lawsuit, the physicians of Defendants INTEGRIS Health, Inc. and INTEGRIS Baptist Medical Center, Inc. were privileged, credentialed and otherwise entrusted to care and treat the patients of Defendant INTEGRIS Baptist Medical Center, Inc.

12. Defendants individually, and acting by and through their agents and employees, owed a duty to the Plaintiff to (a) exercise ordinary care and attention required under all circumstances that was appropriate to the mental and physical condition of Candice D. Pierson; and (b) to supervise the care rendered to Candice D. Pierson, and ensure that such care was consistent with established and recognized medical practice standards within the community and minimum professional standards of care as well as the terms and

conditions of the consent as presented to the Plaintiff.

13. Defendants individually, and acting by and through their agents and employees, breached the duties owed Candice D. Pierson, of ordinary care and diligence exercised by reasonably prudent healthcare providers in the same or similar circumstances and were negligent in one or more particulars in connection with the medical and nursing care and treatment of Candice D. Pierson. Such negligent acts and/or omissions of substandard care, taken separately or collectively, constitute a direct and proximate cause of the injuries and damages claimed in this lawsuit.

14. Defendants INTEGRIS Health, Inc. and INTEGRIS Baptist Medical Center, Inc. were negligent in retaining, supervising, privileging and otherwise entrusting the care and treatment of its patients to Defendant Larry W. Houk, Jr., M.D.

15. Plaintiff Candice D. Pierson, sustained injuries which were caused by an act, omission, or instrumentality which was under the exclusive control and management of Defendants; that the events causing the injuries of Plaintiff were of a kind which ordinarily do not occur in the absence of negligence on the part of Defendants. As a result of Defendants' conduct, Plaintiff suffered damages as set forth below.

16. As a result of Defendants' conduct, Plaintiff Candice D. Pierson, sustained severe personal injuries, suffered severe permanent physical and emotional pain and suffering, incurred medical bills and related expenses, resulting in damages in an amount in excess of $75,000.00, exclusive of interest, attorney's fees, and costs.

17. Such conduct was undertaken by Defendants without regard to the health and

safety consequences to their patients, such as Candice D. Pierson, entrusted to their care. Moreover, such conduct evidences such little regard for their duties of care, good faith, and fidelity owed to Candice D. Pierson, as to raise a reasonable belief that the acts and omissions by Defendants set forth above were the result of conscious, willful, malicious, and intentional conduct and/or with a reckless disregard for Candice D. Pierson's rights and welfare for which Plaintiffs seek exemplary or punitive damages in excess of $75,000.00.

WHEREFORE, premises considered, Plaintiff Candice D. Pierson, for their negligence claims pray for judgment for compensatory damages against Defendants each in an amount in excess of $75,000.00, plus costs and interest, and for punitive damages against Defendants each in an amount in excess of $75,000.00, together with attorney fees, costs, interest, and such other damages as the Court deems appropriate.

Respectfully submitted,

/s/ Danielle Fielding

Danielle P. Fielding (OBA #22139)
Matthew D. Martin, III (OBA #21530)
MARTIN + FIELDING, PLLC
13112 N. MacArthur Blvd.
Oklahoma City, OK 73142
Telephone: (405) 673-2377
Facsimile: (405) 673-2338
Email: danielle@MARTINFIELDING.com
*Attorneys for Plaintiff*

ATTORNEYS LIEN CLAIMED
JURY TRIAL DEMANDED